[No. 12924. Department One. — November 7, 1890.]

E. A. BURLESON, APPELLANT, *v.* NORTHWESTERN MUTUAL INSURANCE COMPANY, RESPONDENT.

INSURANCE — COMPENSATION OF AGENT — COMMISSIONS ON PREMIUMS — CONDITIONS — CONTRACTS — CONSTRUCTION. — When an insurance agent appointed for this state under a contract for commissions on premiums, with certain conditions attached, enters into another contract with the company, whereby part of the state is committed, with his consent, to another agent, and his commissions on premiums in the territory so committed is fixed at a reduced rate, without attaching express conditions to such reduced commissions, the second contract must be construed in connection with the original contract and as a modification thereof, and all conditions attached to commissions upon premiums in the original contract apply to such reduced commissions.

ID. — TERMINATION OF AGENCY — LIMITATION OF RIGHT TO COMMISSIONS — ASSIGNMENT. — When the contract of an insurance agent with the company limits the right to receive commissions on renewal premiums to the duration of the agency, and provides that the agency may be terminated at any time for failure of the agent to account for moneys collected, the agent cannot transfer to an assignee any greater right than he himself possesses; and if the agency is terminated for a shortage of the agent in his accounts, his assignee can recover no commissions on premiums

accruing after such termination, though such agent or his assignee may recover any commissions actually earned before the defalcation for which the agency was terminated, subject to the indebtedness of the agent growing out of his agency under the contract.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order sustaining a demurrer.

The facts are stated in the opinion of the court.

*C. E. K. Royce,* for Appellant.

*McAllister & Bergin,* for Respondent.

WORKS, J. — On the third day of March, 1885, the respondent, an insurance company, entered into a contract with one Abbott, by which it appointed said Abbott its agent in the state of California, and agreed to pay him certain commissions on premiums collected on insurance business done by him, and seven and one half per cent commissions on renewal premiums obtained, under a certain contract of the respondent and certain other agents, and under the contract with Abbott. This commission on renewal premiums was to be paid "while he retained the agency, and no longer." In consideration of the payment of these commissions, the agent stipulated to "devote his entire time, energy, and ability to soliciting applications, collecting premiums, and otherwise promoting the interests of the company," and bound himself to make reports each month of the business, and pay to the respondent all moneys by him collected up to the time of making such report, less his commissions.

The contract provided that it should terminate on the first day of June, 1892, unless sooner terminated by the company, through its proper officers, for a failure or neglect of the agent to keep and perform any of the stipulations therein, and also contained this clause: " A failure or neglect to make reports or pay over moneys

belonging to the said company, according to the conditions of this contract, shall be considered good and sufficient reason for closing this agency at any time without notice, anything in this contract to the contrary notwithstanding."

It was also stipulated: " And it is further understood and agreed that, upon the discontinuance of this contract in any way, all interest of said agent in this contract in commissions on premiums shall revert back to the company, except as above mentioned, and upon the deferred semi-annual and quarterly premiums on new business, unless it is otherwise specially agreed."

On the fifteenth day of April, 1886, the same parties entered into another contract, as follows: " For value received, and in consideration of retaining the remainder of any contract with the Northwestern Mutual Life Insurance Company, under date of March 3, 1885, I hereby release and relinquish to the said company all of my right, title, and interest in and to so much of the territory mentioned in the said contract as is described as follows, to wit, all that portion of the state of California that is north of and includes the counties of Monterey, Tulare, and Inyo, so that the field hereafter covered by my said contract shall comprise and consist only of such portion of the state of California as is south of said counties; and I hereby consent and agree that such of the seven and one half per cent (7½ per cent) renewals as are mentioned in said contract, and are situated in the territory hereby released and relinquished, may hereafter, during the continuance of my said contract, be collected by the said company in such manner as it may elect, making to me quarterly statements of said collections so made, and paying me, or to my order, five and one half per cent (5½ per cent) on the same during the continuance of the said contract."

On the twenty-third day of April, 1886, Abbott assigned to the plaintiff in this action his right to receive

the five and one half per cent commissions provided for in this last contract, and this action is to recover said commissions, and for an accounting. The defendant answered by setting up the two contracts above mentioned, and alleging that, previous to the month of September, 1886, Abbott became a defaulter in his accounts with the defendant, and failed, on request, to pay over large sums of money collected by him as such agent, under said contracts, and that, on the sixteenth day of September, 1886, the defendant, by reason of such failure, default, and neglect, terminated said agency, and that Abbott had never since that time acted as such agent.

It is further averred, in the answer, that, on the first day of September, 1886, Abbott was indebted to the defendant, on account of collections made by him as such agent, and not paid over, in the sum of $2,253.79; that the whole amount of renewal premiums collected by the defendant, under said contracts, since the 15th of April, 1886, was $10,770, and a percentage of five and one half per cent thereon amounted to $592. The court below found the facts substantially as alleged in the answer, and rendered judgment for the defendant. The plaintiff appeals on the judgment roll.

The whole question as to the right of the plaintiff to recover depends upon the construction and legal effect to be given to the two contracts above mentioned. The appellant contends that the contract of April 15, 1886, by which Abbott was to receive five and one half per cent commissions on renewal premiums collected by the defendant in territory thereby surrendered by Abbott was a separate and distinct contract; that it gave Abbott the commissions provided for, absolutely; that such right was not in any way affected by the terms of the original contract, or the default or neglect of Abbott to comply with its requirements, or the termination of his agency thereunder; and that the plaintiff took the same

absolute right to such commissions by the assignment of Abbott to him.

On the other hand, the respondent takes the ground that the second contract was only a modification of the original contract, by which the territory over which Abbott was to act as agent was limited, and his commissions on renewal business were reduced in consideration of the fact that the defendants were to collect the same; that the two contracts must be taken and construed as one; that, so construed, all right of Abbott to commissions was cut off and forbidden by his violation of the original contract, and the consequent termination of his agency.

We do not entirely agree with the contention of either of the parties; but it is quite clear, to our minds, that these two contracts must be taken and construed together. The last contract did not supersede the first, but only modified it in certain particulars. Under the first contract, Abbott became the agent of the defendant for the whole of the state of California, and as to the commissions here in controversy, he was to receive seven and one half per cent. By the new contract, the territory of his agency was limited to a part of the state. He could take no new insurance in the territory excluded from his agency. But his right to commissions on renewal premiums was preserved, but reduced to five and one half per cent in consideration of the fact that collections thereof were to be made by the company. In all other respects, the original contract, so far as it affects this case, remained in full force. Therefore, as the original contract limited the right of Abbott to receive commissions to the time he should continue to be the agent of the defendant thereunder, the right to receive the reduced commission, under the modification of the contract, was limited in like manner. When the original contract of agency terminated, the right to receive these commissions terminated also; and it appearing that the

agent had become a defaulter, and by reason of his defalcation was indebted to the defendant in a sum greater than the amount due him for commissions, he could not have recovered. If he could not have recovered the commissions, certainly the plaintiff could not recover as his assignee. His rights were no better than the rights of his assignor, where they were expressly defined and limited by the terms of the contract under which the commissions were earned.

So far we agree with the contention of the respondent, but we find no warrant in the contract for the position taken by the respondent, that by the termination of the original contract all right of Abbott, or the plaintiff as his assignee, to commissions was forfeited. Undoubtedly, this was the case as to any and all business done after the termination of the contract, but we think it was not so as to business already done, and where commissions had been earned before the contract ceased to exist. Therefore, as to any renewal premiums upon which Abbott would have been entitled to his five and one half per cent commissions before and at the time the contract was terminated, or, rather, at the time of any violation of the terms of the contract which authorized, and for and on account of which it was terminated, Abbott would have been entitled to recover, subject, however, to any indebtedness on his part to the defendant growing out of his agency under the contract and its subsequent modification. Therefore, if the amount of Abbott's indebtedness had not equaled or exceeded the amount of the commissions actually due before the defalcation for which the contract was terminated occurred, plaintiff would have been entitled to judgment. As it was, however, he was not entitled to recover, and the judgment of the court below was right. After the cause was at issue, but before trial, the plaintiff filed a supplemental complaint, setting up that the defendant, since the commencement of the action, collected renewal premiums

to the amount of twenty-five thousand dollars, upon which the plaintiff was entitled to five and one half per cent commissions. A demurrer to this complaint was sustained, and this, it is contended, was error. But as we construe the contracts above set out, the commissions claimed in this complaint were collected by the defendant after the termination of the original contract, and neither Abbott nor the plaintiff was entitled to any commissions thereon. Therefore the demurrer was properly sustained.

Judgment affirmed.

PATERSON, J., and FOX, J., concurred.