SAMUEL I. ROSENBERG

*vs.*

SARAH LIPMAN AND MYRTLE L. BECK,
EXECUTRICES.

*Insurance Agency—Construction of Contract—Effect of Termination—Renewal Premiums.*

Where a contract between the general agent of an insurance company and a soliciting agent provided that, if the contract was terminated by either party, the compensation already paid to the soliciting agent, together with the amount then due him under the contract, should be in full settlement of all claims in his favor, and all further compensation which a continuance of the contract might secure to him should be waived, *held* that, after the termination of the agency by the soliciting agent, he was not entitled to commissions on renewal premiums, under a clause giving him a right thereto if his service and the quality of the business renewed by him were satisfactory.     pp. 516-519

An insurance agent is not entitled to commissions on renewal premiums after the termination of the agency, when it is not affirmatively shown by the agreement between the parties that he is so entitled.                                     p. 516

A rider, executed at the same time as the contract, and providing that "it was to be attached to and form a part of the contract," *held* to be as much a part of the contract as if it had been one of its enumerated sections, and so to be considered, in the construction of the contract as a whole, in connection with all the other provisions of the contract.                    p. 518

*Decided June 26th, 1923.*

Appeal from the Circuit Court of Baltimore City (CARROLL T. BOND, J.).

Bill by Samuel I. Rosenberg against Myer D. H. Lipman for an accounting and other relief. On the death of

said defendant, his executrices, Sarah Lipman and Myrtle L. Beck, were made parties defendant. From an order dismissing the bill, plaintiff appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, and OFFUTT, JJ.

*Moses W. Rosenfeld,* with whom were *Blades, Rosenfeld & Frederick* on the brief, for the appellant.

*A. Herman Siskind,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

The appellant, on the eighth day of July, 1916, entered into a written contract with one Myer D. H. Lipman, the general agent of the Travelers' Insurance Company, by which he became its soliciting agent under Lipman, within the territory of Baltimore City and vicinity.

The contract was effective from the first day of July, 1916, but was silent as to the time of its duration, except it provided that either party thereto could terminate it by giving to the other party seven days' notice in writing to that effect, and the power of the soliciting agent to collect and receive premiums ceased with the termination of the contract.

The soliciting agent, by the terms of the contract, was to canvass faithfully, thoroughly and efficiently his territory for applications for life, accident and health insurance in the Travelers' Insurance Company and to collect and account for premiums. He was also to render statements and deliver over moneys, vouchers, policies, renewals, and other property of the company or of the agent, when requested to do so by the agent or other authorized representative of the company. In addition to these requirements, he was to execute a bond to Lipman with satisfactory security for the faithful performance of his duty under the contract.

It was further provided that "during the continuance of this contract the (general) agent will "pay on business transacted by and through the soliciting agent, as full compensation for all services, and full reimbursement for all expenditures, commissions," as shown by the schedule which followed. The contract, however, provided that commissions should be payable only on premiums collected in cash on policies issued upon applications procured by the soliciting agent and accounted for by him.

Section 15 of the contract provides:

"If this contract shall be terminated by either party for any cause whatever, the compensation which shall then have been paid to the soliciting agent, together with the amount then due him under this contract, shall be in full settlement of all claims and demands in favor of the soliciting agent under this contract, and all further compensation which a continuance of this contract might have secured to him shall be waived and forfeited."

At the time of the execution of the contract there was also executed with it what is termed a rider, which, as shown by its caption, was "to be attached to and form a part of the contract" between the parties.

The rider provides.

"If within twelve (12) months from the effective date of this contract, or in any succeeding contract year, the soliciting agent shall report and pay to the (general) agent on policies issued under said contract subject to five or more annual premiums (group insurance excepted) the amount of first year premiums entered below, and *if the service of the soliciting agent and the quality of the business renewed by him is satisfactory, the agent will pay the soliciting agent on life policies issued in such contract year,* subject to ten or more annual premiums, and on endowment policies so issued subject to twenty or more annual premiums, a commission on renewal premiums as fol-

lows:" and then follows the schedule, and at the con-
clusion of the rider it is stated that *"in all other re-
spects said contract shall remain unchanged."*

On August 1st, 1918, the appellant gave to Lipman the
following notice, declaring his intention of terminating the
contract:

"I hereby tender my resignation as soliciting agent
for company to take effect seven days from the above
date, and I herewith notify you of the termination of
my contract of employment entered into with you on
July 8, 1916, to be effective at the expiration of the
above mentioned time."

The contract was terminated under the above notice on
July 8, 1918, when the appellant entered into the employ-
ment of the Reliance Life Insurance Company.

On the 24th day of February, 1920, the appellant filed his
bill in the Circuit Court of Baltimore City, alleging the
execution of the contract and the rider made by him with
Lipman on the eighth day of July, 1916, whereby he became
the soliciting agent of the Travelers' Insurance Company in
the territory mentioned, that he served in that capacity for
two years until August 1st, 1918, when he voluntarily ter-
minated his agency in accordance with the above mentioned
provision of the contract; that during the period of his
agency he was paid what was agreed to be paid him by the
contract upon the renewal premiums and these payments
were made thereon to October 1, 1919, when Lipman refused
to continue the payments; that since October 1st, 1919, Lip-
man had furnished him no statements from which the amount
of commissions on the renewal premiums to which he was
entitled could be ascertained. The bill then prayed for an
accounting and a decree ordering Lipman to pay to him the
amount ascertained to be owing him as commissions on such
renewal premiums.

During the pendency of the proceeding and before the case
came to a hearing, Lipman died and, upon the suggestion of

the appellant, his executrices, Sarah Lipman and Myrtle L. Beck, the appellees, were made parties defendant in the case.

The court, upon hearing the case, passed the following order:

> "This cause, standing ready for hearing, after testimony taken in open court by the complainant, the respondent having offered no testimony, and having been argued and considered, and the court being of the opinion that the contract and rider attached thereto, in this cause be considered without reference to extrinsic evidence, and the court being further of the opinion that the complainant has no claim to commissions on renewal premiums as alleged in said bill of complaint, it is by the Circuit Court of Baltimore City this 10th day of November, 1922, adjudged, ordered and decreed that the bill of complaint filed in this cause be and the same is hereby dismissed with costs."

The case is now before us on appeal from that order.

The question whether an agent is entitled to commissions on renewal premiums after the termination of the agency, when it is not affirmatively shown by agreement between the parties that he was entitled thereafter to such commissions, is fully answered in *Scott* v. *Travelers' Insurance Co.*, 103 Md. 69, a case very similar to the one before us, where it was held that the plaintiff was not entitled to commissions on renewal premiums after his agency had terminated.

The Court in that case, quoting approvingly from the authorities therein named, said: " 'Though the cases leave some ground for doubt, they seem to sanction the rule that a contract providing for the payment of commissions to the agent on renewal policies confers on him no right to collect and retain such commissions after the termination of the agency, or to recover them from the company when collected by another agent.' In 2 *May on Insurance*, sec 576 (4th ed.), it is said: 'An insurance agent who has voluntarily left the service, has no claim to subsequently accruing commis-

sions on policies he obtained.' In *Ins. Co.* v. *Williams,* 91
N. Car. 69, it is held, speaking in reference to a contract be-
tween an insurance company and its agent, 'compensation
ceases when services cease unless agency or power is coupled
with an interest'; and the Court adopts what was said by
CHIEF JUSTICE MARSHALL in *Hunt* v. *Rousmainer,* 8 Wheat.
174, to the effect that this interest is not an interest in that
which is produced by the exercise of the power. In *King* v.
*Raleigh,* 70 S. W. Rep. 251, it is said : 'The compensation to
be received by the agent from year to year through commis-
sions on renewal premiums is associated with the continuance
of his agency.' *Ballard* v. *Ins. Co.,* 119 N. Car. 187; *Shaw*
v. *Home Life Ins. Co.,* 49 N. Y. 681; *Burleson* v. *N. W.
Mut. Ins. Co.,* 86 Cal. 342, and *Phoenix Mut. Life Ins.* v.
*Halloway,* 51 Conn. 310-4, are further references that afford
useful analogies."

The contention is made by the appellant that section 15 of
the contract should not be read and considered in connection
with the rider, which, as he claims, should be regarded as
standing alone and separate from the contract, because, as he
says, the contract is inconsistent with the provisions of the
rider.

It is said in section 15 : "If the contract is terminated by
either of the parties, the compensation which shall *then have
been paid* to the soliciting agent, together with *the amount
then due him* under the contract, *shall be in full settlement of
all claims and demands* in favor of the soliciting agent under
the contract, *and all further compensation which a continu-
ance of the contract might have secured to him shall be
waived and forfeited."*

The rider executed at the same time the contract was exe-
cuted contained the express provision that "it was to be at-
tached to and form a part of the contract," its object and pur-
pose being to provide for the payment to the appellant of com-
missions on renewal premiums.

In the preparation and execution of the contract a printed
form was used, in which there was no provision for the pay-

ment of commissions on renewal premiums, and because of such fact, it being understood by the parties that such commissions were to be allowed the appellant, the rider was at the same time executed with the contract. But the fact that it was not in the body of the contract, though attached to and forming a part of it, can in no way affect its relation to the other provisions of the contract. It became just as much a part of the contract as if it had been one of its enumerated sections, and therefore, in construing the contract as a whole, it is to be considered in connection with all the other provisions of the contract.

In *Scott* v. *Travelers' Insurance Co., supra,* a clause very similar to the rider in this case was in the body of the contract, and the argument there made was that it was "not to be controlled by other provisions therein because of its standing apart from the clause providing for commissions; and of its being inserted after other provisions, not relating to compensation, have intervened." The court, however, held that there was no force in the argument and said "wherever the clause may stand * * * the contract is to be construed as a whole, and being so construed the clause in question, like every other, is to be read in the light of all the others."

It is not said in the rider that commissions on renewal premiums should be paid to the appellant after the termination of his agency. On the contrary, there are expressions found in it which indicate that it was not the intention of the parties that they should at such times be paid to him. By its terms the soliciting agent was to be paid commissions upon the renewal premiums provided for in the schedule below, if he paid to the general agent the first year's premiums and if his services and the quality of the business renewed by him were satisfactory.

This language would seem to indicate that the services of the soliciting agent were continuing, in as much as the general agent was to determine whether the services being rendered by the appellant and the quality of the business renewed by him were satisfactory.

But if the language referred to is not entitled to the significance given it, there are other provisions in the contract, in addition to section 15, showing that it was not the intention of the parties that commissions on renewal premiums should be paid to the appellant after the termination of his agency.

He, in consideration of what he was to receive under the contract, was to canvass satisfactorily, thoroughly, and efficiently the territory named in the contract, for applications for insurance in the Travelers' Insurance Company and was to execute a bond with satisfactory surety to the general agent, for the faithful performance of the duties imposed upon him by the contract.

As said in the *Scott case*: "The force and effect of these provisions would seem obviously to be to associate every right of the appellant with a continuance of the contract in question and of service by him thereunder. It is not reasonable to suppose that such provisions, with their obvious meaning and force would have gone into the contract without qualification if such had not been the case; nor that any reservation of a right to the appellant was understood as associated with a discontinuance of the contract by him, and a refusal of further service thereunder."

But it is expressly said in section 15 of the contract, that upon its termination by either of the parties, the compensation already paid the soliciting agent, with that which was then due him, "shall be in full settlement of all claims and demands in favor of the soliciting agent under this contract, and *all further compensation which a continuance* of this contract *might have secured to him*, shall be waived and forfeited."

The construction placed upon this contract as a whole, by the learned judge below, holding that the appellant was not entitled to commissions upon renewal premiums after the termination of his agency, is, we think, the proper construction of the contract, and we will, therefore, affirm the order appealed from.

*Order affirmed, with costs.*