[Civ. No. 16539.   First Dist., Div. One.   Jan. 27, 1956.]

EMIL F. FREEMAN, Appellant, v. MONARCH LIFE INSURANCE COMPANY (a Corporation), Respondent.

Donovan, Stuhr & Martin and Charles Stuhr for Appellant.

Allan, Miller & Groezinger for Respondent.

WOOD (Fred B.), J.—Plaintiff's employment as agent of the defendant insurance company covered a period of four years, ten months and twelve days and was governed by a written contract, section 12 of which provided for payment of commissions for a period of time after termination of contract.* Defendant paid plaintiff termination commissions for a period of two years as literally provided in section 12 of the contract. Plaintiff claims he is entitled to payment for the additional period of ten months and twelve days and has appealed from a judgment in favor of the defendant.

Section 12 very clearly provides for the payment of termination commissions for a period of years, not parts of years. It says that such commissions will be paid "for the term of years specified in the following schedule." The schedule, with equal clarity, provides for no such payments unless the agent has been employed for three *full* years, in which case the termination commission will be paid for a period of one year. Similarly, if he has been employed for four "full" years, as in this case, the "Maximum Number of Years that Termination Commissions will be paid" is two years; and so on, to and including the agent who has been employed "8 or more" full years, in which case the com-

---

*Section 12 reads in part as follows:

"12. TERMINATION COMMISSIONS: Should this contract be terminated other than by the death or retirement of the Agent, termination commissions at the rates specified in the Commission Schedules shall be paid to the Agent on business produced by him and on which he has qualified for renewal commissions, for the term of years specified in the following schedule, commencing 30 days after the effective date of termination as provided in Paragraph 24, provided he had held an agency contract with the Company and fully complied with its terms for at least three years. Termination commissions will not be paid on any policy beyond the sixth policy year, nor after it has lapsed for thirty days or more. nor after the amount payable shall fall below $20 per month for three consecutive months, nor during a period of disability for which commissions are payable under Paragraph 10 and shall be subject to all the conditions of this contract.

| Number of Full Years Agent has been under Contract with the Company | 3 | 4 | 5 | 6 | 7 | 8 or more |
|---|---|---|---|---|---|---|
| Maximum Number of Years that Termination Commissons will be paid | 1 | 2 | 3 | 4 | 5 | 6 |

missions will be paid for a maximum of six years. Clearly, this schedule creates a commission payment period of years, not years and parts of years, geared to an employment period of "full" years, not full years and a portion of a year.

Plaintiff attaches a certain significance to the word "maximum" in the formula "Maximum Number of Years that Termination Commissions will be paid." He says that only under his view of section 12 can this word have meaning and so, to give it meaning, we should adopt his interpretation. To give it meaning, he invokes section 22 of the contract, which says "The contract year shall begin as of January 1st, and all computations for any part of a full contract year shall be prorated." Section 22 is not helpful. First, it deals with a year that begins with the first of January whereas the period of "full years" of employment in the section 12 schedule begins with the commencement of the particular agent's employment, in this case August 29, 1946. Similarly, the period of years during which termination commissions will be paid is defined in section 12 as "commencing 30 days after the effective date of termination as provided in Paragraph 24,"† in our case 30 days after July 11, 1951. Besides, section 22 deals with a method of computation, not a period of payment. It has possible application to the computation of commissions on premiums on health and accident policies as governed by section 5 of the contract which uses the expression "contract year" and bases renewal commissions upon the "aggregate amount of premiums paid for the first policy quarter during such contract year." Section 22 has no perceptible bearing upon section 12.

Moreover, we do not subscribe to the notion that to give a single word meaning an entire section must be twisted out of its normal meaning and made to say what quite clearly it does not say.

Besides, we see a very good reason for using the word "maximum." Section 2 of the contract prescribes a descending scale of commissions on life insurance premiums, commencing with the first policy year and ending with the sixth policy year, the rate for some types of policies being 5 per cent and for others 3 per cent during the 3d to the 6th

---

†Paragraph 24 provides in part: "Termination by written notice to either party shall be effective upon the receipt of such notice but commissions shall be paid on premiums received during a period of 30 days commencing with the effective date of termination on business issued prior to said date, at the rates that would have applied had the contract remained in effect."

years, with a "service fee" of 2½ per cent "for seventh and later policy years," a rate of "3% on all forms" of life policies being prescribed for "Termination Commissions, 1st-6th policy years inclusive." A somewhat similar setup obtains as to health and accident and hospital and surgical policies, with service fees of 5 per cent after the 6th policy year and termination commissions of 7½ per cent for the "first to sixth policy years, inclusive." In harmony therewith, section 12 declares that "termination commissions will not be paid on any policy beyond the sixth policy year, nor after it has lapsed for thirty days or more," nor in certain other situations. Accordingly, it was quite natural and logical to use the word "maximum" when specifying in the schedule the "Number of Years that Termination Commissions will be paid," to avoid the possible implication that upon each policy obtained by the agent he would receive commissions throughout his termination commissions period irrespective of the expiration of the sixth policy year, the lapsation of the policy, or the occurrence of any other event which otherwise would cause cessation or suspension of payment of commissions.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.