[Civ. No. 7693. Fourth Dist., Div. One. Feb. 3, 1966.]

ROBERT H. GILBERT, Plaintiff and Appellant, v. THE EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Defendant and Respondent.

Langford, Langford & Lane and J. Perry Langford for Plaintiff and Appellant.

Gray, Cary, Ames & Frye, C. M. Monroe and James W. Archer for Defendant and Respondent.

WHELAN, J.—Plaintiff appeals from an adverse judgment in his declaratory relief action.

Plaintiff became a general agent of defendant in 1955. Previously, he had been an agent of another general agent of defendant since April 15, 1949.

On July 26, 1955, the parties entered into a written "Organization Allowance Agreement" (O.A.A.) which provided in part as follows: "To assist second party in developing and maintaining his general agency and servicing policyholders, first party will remit second party an organization allowance payable at the end of each month in the amounts and for the periods indicated. . . ."

The allowance was to be in the sum of $416 per month for the first year, and in lessening amounts thereafter until the fifth year, during which time it was to be $137.48 per month and then terminate.

The agreement then provided: "In event of the termination of the principal contract, or any succeeding General Agency contract, within six years from the effective date of this agreement, except by reason of the death or total and permanent disability of second party as adjudged by first party, said second party shall then become indebted to first party for any and all organization allowances hereunder received by second party prior to said termination. If such termination is subsequent to six years from the effective date of this agreement, the organization allowance debt will be reduced by 2.083% of said organization allowance for each full month elapsed from the end of said six year period to the date of termination of said principal contract. Such debt shall become a lien upon and be satisfied by all first year and renewal commissions, margins, residuals and all commissions of whatever nature, due or to become due second party under the terms of said principal contract. . . .

"This Agreement may be terminated by either party at any time on written notice to the other party to that effect and no further payments on account of said organization allowance will be paid to second party after such termination. Termination of the General Agency Contract will also terminate this agreement."

The general agency contract in effect at the time of the making of the O.A.A. was replaced by one dated April 25, 1956. It provided that defendant agreed "to pay the General Agent as full compensation for the performance of his duties

and obligations under this contract'' commissions under a certain schedule; that: ''Any indebtedness of the General Agent to the Company under this contract or any preceding contract shall constitute a first lien upon any moneys that are due or may become due from the Company to the General Agent under this contract.''; that: ''This contract may be terminated on thirty (30) days' written notice by either party . . .''; that: ''This contract takes the place of all preceding contracts and amendments or supplements thereto, executed by and between the parties to this contract, except as to the payment of commissions and any indebtedness due or to become due to the Company incurred under any of said preceding contracts.''

Defendant terminated the agency contract as of October 31, 1961, under the quoted clause permitting such termination. At that time defendant had paid to plaintiff, under the O.A.A., $16,243.52.

The present action sought a declaration that the provisions of the O.A.A. for the creation of an indebtedness or lien upon renewal commissions are illegal, invalid and contrary to public policy.

The trial court found that the money paid by defendant under the O.A.A. was a loan repayable to the extent that plaintiff might have earned commissions on premiums paid after termination of the agency contract and for the amount of which defendant was entitled to a lien on such commissions. At the time of judgment, such commissions to the amount of $9,931.30 had been applied by defendant toward satisfaction of such lien, leaving a balance unpaid of $6,312.22, payable only out of commissions.

The judgment was that: ''. . . on October 31, 1961, there existed a debt in the amount of Sixteen Thousand Two Hundred Forty-Three and 52/100 Dollars ($16,243.52) due and owing from the plaintiff to the defendant, payable only out of commissions provided for in the contract between the parties dated April 25, 1956, accruing from premiums paid to the defendant subsequent to October 31, 1961, and the defendant had a lien on all said commissions in said amount which enabled it to retain all such commissions and apply them in reduction of the aforesaid debt. . . .''

Plaintiff's contentions on appeal are as follows:

1. The organization allowance was not a loan.

2. The O.A.A. was not a modification of the general agent's commission schedule.

3. The provision of the O.A.A. that plaintiff became indebted to defendant upon the termination of the contract is void because it purports to impose an illegal penalty or forfeiture.

Plaintiff also asserts that the agreements between the parties constitute a contract of adhesion which must be construed in favor of plaintiff.

Plaintiff cites *Neal* v. *State Farm Ins. Co.*, 188 Cal.App.2d 690 [10 Cal.Rptr. 781], in support of the last contention. *Neal* states the proposition that any ambiguity in such a contract must be resolved against the party who prepared it. The court of appeal in *Neal* found no ambiguity in the contract under consideration there. Plaintiff here neither claims nor points out any ambiguity in the O.A.A. taken alone or considered with the agency contract; rather, he states the language of the O.A.A. is clear that the money to be paid thereunder was not a loan. No claim of ambiguity was made in the trial court; there was no extrinsic evidence taken as is proper to do when the contract is ambiguous. (*Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co.*, 46 Cal.2d 517 [297 P.2d 428].)

Plaintiff's point that the money to be paid was not a loan is not without merit. However, a determination that the advances were not loans to him would not be conclusive as to the correctness of the judgment appealed from. It is true that the findings of fact use the word ''loaned'' as descriptive of the legal effect of the remitting of money under the O.A.A. The judgment, however, states that there existed a ''debt'' owing from plaintiff to defendant; the conclusions of law speak of the creation of a debt and the existence of a debt. Since the interpretation of a written contract is a matter of law, the effect of the O.A.A. as affected by the termination of the agency agreement is correctly described as the creation of a debt. A debt may be created by something other than a loan of money. Therefore, whether the advances be regarded as loans, repayment of which might be excused in whole or in part by certain conditions subsequent, or whether they represented an amount that plaintiff agreed to pay upon a certain contingency, under certain conditions, and from certain sources, the terms of the O.A.A. were sufficient, under the admitted circumstances, to create the debt described in the judgment. It is immaterial that defendant did not, as the insurance company did in *Merrill* v. *Continental Assurance Co.*, 200 Cal.App.2d 663 [19 Cal.Rptr. 432], cited by plaintiff, take promissory notes for advances made by it.

Because there was no provision in the general agent's com-

mission schedule for a lien upon or withholding of commissions, plaintiff argues that the O.A.A. does not affect his right to all earned commissions, and in no way modifies the commission schedule. He argues that to hold otherwise would in effect reduce the commissions provided for in the schedule. But the schedule itself is only a part of the agency contract, which by its other terms provides for a lien against commissions for the amount of any indebtedness.

 Among the findings is one that the agency agreement and the O.A.A. are to be construed together. The conclusion that two written contracts between the same parties and dealing with the same general subject matter should be construed together is not unreasonable. (*Burleson* v. *Northwestern Mut. Ins. Co.*, 86 Cal. 342 [24 P. 1064].)

 In connection with his claim that the repayment and lien provisions call for a forfeiture, plaintiff urges that the language of the O.A.A. was used to give defendant the advantages of having paid money thereunder as compensation to plaintiff. However, the agency agreement is clear and express that the commissions provided for are plaintiff's full compensation.

Parties to a contract may provide therein for their respective rights and liabilities in the event of termination thereof. (*Merrill* v. *Continental Assurance Co.*, *supra*, 200 Cal.App.2d 663, 670; see also *J. R. Watkins Co.* v. *Brewer*, 73 Ga.App. 331 [36 S.E.2d 442]; *Coleman* v. *Ford Motor Co.*, 195 Mo. App. 554 [193 S.W. 866].)

 A provision in an agency agreement for a reduction in the percentage of renewal commissions payable in the event of termination of the agency will be given effect. (*Merrill* v. *Continental Assurance Co.*, *supra*, 200 Cal.App.2d 663; *Freeman* v. *Monarch Life Ins. Co.*, 138 Cal.App.2d 702 [292 P.2d 549].)

We hold that the O.A.A. does not provide for a forfeiture of earned commissions.

Unless we were to rewrite the contract for the parties, which we should not do (*Barker* v. *Sherman*, 123 Cal.App.2d 810, 812 [267 P.2d 863]), the judgment must be and is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied February 21, 1966, and appellant's petition for a hearing by the Supreme Court was denied March 30, 1966.